931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank COSTELON, Defendant-Appellant.
 No. 90-1337.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Costelon appeals pro se the denial of his motion requesting the discharge of a fine.
 
 
 3
 Mr. Costelon pleaded guilty to possession of heroin with intent to distribute and was sentenced, under the sentencing guidelines, to eight and one-half years imprisonment; supervised release for three years; and was fined $15,000. At the time of sentencing, the district court, in relation to the fine said as follows:
 
 
 4
 [i]t is the order of Court that a fine of $15,000 be assessed against the Defendant to be paid in intervals as prescribed by the Bureau of Prisons in concert with the Probation Office at such intervals as may be warranted upon his release from confinement.
 
 
 5
 .............................................................
 
 
 6
 ...................
 
 
 7
 * * *
 
 
 8
 Further, that while incarcerated, the defendant shall not receive any furloughs until efforts have been made to make reasonable payments to the fine hereby assessed....
 
 
 9
 Mr. Costelon filed a direct criminal appeal on August 11, 1988, and while his appeal was pending before this court Mr. Costelon encountered troubles with the Bureau of Prisons because the Bureau wanted him to commence making payments toward his fine. Mr. Costelon then requested a work pass furlough or community release in order to satisfy his court-imposed fine. The Bureau of Prisons denied this request as the programs were unavailable where Mr. Costelon was confined. Mr. Costelon then requested a transfer to another prison and this request was denied. The Bureau of Prisons did, however, offer Mr. Costelon employment in the institution where he was incarcerated. This employment opportunity included Federal Prison Industries where he could make three or four times the normal prison wage.
 
 
 10
 At one point, Mr. Costelon's attorney wrote the district court stating that Mr. Costelon was of the opinion that his fine was not to be paid until his release from confinement and noted that the Bureau of Prisons read the district court's order as requiring immediate payments toward the fine. On August 9, 1990, Mr. Costelon filed the pro se motion, which is the subject of this appeal, wherein he requested the district court discharge the unpaid balance of $14,900 of his fine. The Government responded alleging the district court was without jurisdiction as Mr. Costelon's direct appeal was still pending.
 
 
 11
 The district court, on October 12, 1990, denied Mr. Costelon's motion in an order entitled "ORDER DENYING DEFENDANT'S MOTION REQUESTING DISCHARGE OF FINE PURSUANT TO TITLE 18 U.S.C. Sec. 3569--DISCHARGE OF INDIGENT PRISONER," determining from the original transcript that Mr. Costelon had the ability to participate in employment opportunities while confined. Also, by way of clarification, the district court ordered Mr. Costelon to commence payment of the fine based on income he earns through the employment opportunities provided by the Bureau of Prisons.
 
 
 12
 On October 29, 1990, this court entered its Order and Judgment affirming Mr. Costelon's conviction and sentence.
 
 
 13
 Mr. Costelon now appeals the October 12, 1990 district court order. He asserts: (1) that he was not in the courtroom when his motion for discharge of his fine was denied; (2) that by ordering the fine paid while he was incarcerated the district court advanced the time of payment of his fine and thus violated his protection against double jeopardy and the principle of finality; and (3) the district court had no jurisdiction to rule upon his motion as his direct appeal was then pending before this court. Mr. Costelon asks that we vacate the order of the district court and order that Mr. Costelon not be required to pay his fine until he is released from custody.
 
 
 14
 Filing a notice of appeal "is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Accord Stewart v. Donges, 915 F.2d 572, 575 (10th Cir.1990). Thus, a district court generally loses its jurisdiction once a case is appealed. There is, however, an exception to this general rule. Fed.R.Crim.P. 36 permits a district court to correct a clerical mistake. This rule is not applicable to the present situation as no clerical mistake exists.
 
 
 15
 The Government argues Mr. Costelon's sentence was internally ambiguous and therefore illegal. The Government maintains that Fed.R.Crim.P. 35(a) allows the district court to correct an illegal sentence at any time by citing our decision in United States v. Earley, 816 F.2d 1428 (10th Cir.1987) (en banc).
 
 
 16
 Fed.R.Crim.P. 35(a), as amended, states a district court "shall correct a sentence that is determined ... to have been imposed as a result of an incorrect application of the sentencing guidelines." Based upon the record in front of us, we cannot say the original sentence goes against the guidelines or is so "internally ambiguous or self-contradictory that a reasonable person cannot determine what the sentence is." Earley, 816 F.2d at 1430.[1] Therefore, Fed.R.Crim P. 35(a) does not apply here.
 
 
 17
 While Mr. Costelon's direct appeal was pending the district court had no jurisdiction to decide the motion for discharge of fine because the matter of Mr. Costelon's sentence, including the fine, was lodged in this court. See United States v. Costelon, No. 88-2246 (10th Cir. October 29, 1990) (unpublished Order and Judgment). However, now that this court has rendered a decision in Mr. Costelon's direct appeal, we believe the district court can, upon our remand of this matter, move forward to decide the motion concerning the discharge of the fine.
 
 
 18
 Accordingly, we VACATE the district court's "ORDER DENYING DEFENDANT'S MOTION REQUESTING DISCHARGE OF FINE PURSUANT TO TITLE 18 U.S.C. Sec. 3569--DISCHARGE OF INDIGENT PRISONER" filed October 12, 1990 and REMAND to the district court so it now may consider and decide Mr. Costelon's "MOTION REQUESTING DISCHARGE OF FINE PURSUANT TO TITLE 18 U.S.C. 3569 DISCHARGE OF INDIGENT PRISONER" filed August 9, 1990, and in light of our decision in Mr. Costelon's direct appeal.
 
 
 19
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Earley was decided before Rule 35(a) was amended. The new rule, applicable when Mr. Costelon was sentenced, "provide[s] even less basis" for the Government's argument. Earley, 816 F.2d at 1432 n. 5